The STATE of Ohio, Appellee,

v.

DIXON, Appellant.

[Cite as State v. Dixon (1991), 77 Ohio App.3d 777.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 61362.

Decided Oct. 21, 1991.

*Stephanie Tubbs Jones*, Prosecuting Attorney, for appellee.

*Beverly J. Pyle*, Assistant Public Defender, for appellant.

*Per Curiam.*

This is an accelerated appeal brought pursuant to App.R. 11.1 and Loc.R. 25 of the Court of Appeals for Cuyahoga County. The defendant-appellant, Artis L. Dixon, appeals from the denial, by the Cuyahoga County Court of Common Pleas, of a motion for an independent psychiatric examination.

On March 24, 1981, the appellant was indicted by the grand jury of Cuyahoga County for one count of attempted murder in violation of R.C. 2903.02 and 2923.02. On July 27, 1981, the appellant was found not guilty of the offense of attempted murder by reason of a finding of insanity. Pursuant to the application of R.C. 2945.40, procedure upon acquittal by insanity, the appellant was committed to the Western Reserve Psychiatric Habilitation Center ("WRPHC") for psychiatric treatment.

On February 6, 1991, a hearing was held by the trial court with regard to a request by WRPHC to transfer the appellant to the Dayton Forensic and Mental Health Center, a more restrictive psychiatric treatment facility. Prior to the hearing, the appellant requested an independent psychiatric examination which was subsequently denied by the trial court. At the conclusion of the hearing, the trial court ordered that the appellant be transferred to a more restrictive psychiatric treatment facility as found at the Dayton Forensic and Mental Health Center.

Thereafter, the appellant timely brought the instant appeal from the trial court's denial of the motion for an independent psychiatric examination.

The appellant's sole assignment of error is that:

"The trial court denied Mr. Dixon his constitutional and statutory due process rights by denying his request to have an independent examination

prior to the hearing on Western Reserve Psychiatric Habilitation Center's request to transfer him to a more restrictive setting."

The appellant, through his sole assignment of error, argues that he was denied due process of law as a result of the trial court's denial of the appellant's motion for an independent psychiatric evaluation. Specifically, the appellant argues that an independent psychiatric evaluation, with regard to a hearing to determine transfer to a different psychiatric facility, was mandated by the application of R.C. 2945.40 and 5122.15.

The appellant's assignment of error is well taken.

In the case *sub judice*, the appellant, prior to a hearing with regard to a transfer to a more restrictive psychiatric facility, filed a motion with the trial court which sought an independent psychiatric evaluation. The trial court, however, denied the appellant's motion for an independent psychiatric evaluation:

"THE COURT: Well, it's my opinion that he is not entitled to an independent psychiatric evaluation. He has been evaluated by the physicians of Ohio Departmental [*sic*] Health many times. They certainly are in a position to determine whether or not the present setting is restrictive or less restrictive or whether or not he needs a more restrictive setting.

"To allow an independent psychiatric evaluation, although I'm not sure what the results would be, my thought is that he probably would be—that they would agree with the doctors from the Ohio Department of Mental Health at Western Reserve Psychiatric Hospital.

"Certainly those doctors are in a better position, in any event, after some 10 years of treating this defendant to determine whether or not his conduct is that conduct in which he can be managed properly in their facility.

"So I'm going to overrule that request, although I will, should I agree with the hospital's request, which we haven't gotten into yet, I think that it would be possible that should I agree with the hospital's request and he be sent to a more restrictive setting upon arrival at the time setting certainly could have another evaluation by those physicians there at that time.

"But delaying this for a couple of weeks may in fact put the patient, the defendant, I should say, and other patients in the Western Reserve Psychiatric Hospital at risk, which I would not be willing to do. So I will hear your expert testimony, Mr. Raflaski."

A review of R.C. 2945.40 and 5122.15, however, reveals that the trial court erred as a result of the denial of the appellant's motion for an independent psychiatric examination.

■ An individual who has been committed to a psychiatric institution by operation of law retains his constitutional guarantee of due process. *In re Fisher* (1974), 39 Ohio St.2d 71, 68 O.O.2d 43, 313 N.E.2d 851. In addition, R.C. 2945.40 and 5122.15 were enacted by the Ohio legislature in an attempt to provide basic procedural and substantive constitutional guarantees to those individuals who have been committed to a psychiatric institution.

R.C. 2945.40, which deals with the procedure upon acquittal by insanity, provides in pertinent part that:

"(F) Before discharging, releasing, authorizing a trial visit for, *or transferring* a person committed under this section, the chief clinical officer of the hospital or facility, or the managing officer of the institution, or director of the program, chief of the division of mental retardation and developmental disabilities programs or his designee, or person to which the person is committed shall send written notice by certified mail, return receipt requested, to the trial court in which the person was found not guilty by reason of insanity, the attorney general, and the prosecutor advising the trial court, the attorney general, and the prosecutor of the proposed discharge, release, trial visit, *or transfer.* The notice shall include the hospital's or facility's report on the current status of the person and its recommendations concerning the pending action.

"No later than thirty days after receiving the notice, *the trial court shall hold a full hearing* on the person's commitment and shall give the prosecutor and the attorney general written notice of the time and place of that hearing at least fifteen days before it is held. At the conclusion of the hearing, the trial court may discharge, release, authorize a trial visit for, or *transfer* the person or continue commitment pursuant to division (C) of this section." (Emphasis added.)

In addition, R.C. 5122.15, which defines the term "full hearing," as found in R.C. 2945.40, provides in pertinent part that:

"(A) *Full hearings shall be conducted in a manner consistent with this chapter and with due process of law. The hearings shall be conducted pursuant to section 2945.40 of the Revised Code in all cases in which the respondent is a person found not guilty by reason of insanity,* and in all other cases, by a judge of the probate court or a referee designated by a judge of the probate court, and may be conducted in or out of the county in which the respondent is held. Any referee designated under this division shall be an attorney.

" * * *

"(4) *The respondent shall be informed that he may* retain counsel *and have independent expert evaluation.* If he is unable to obtain an attorney, he shall be represented by court-appointed counsel. If the respondent is indigent, court-appointed counsel and independent expert evaluation shall be provided as an expense under section 5122.43 of the Revised Code. * * *." (Emphasis added.)

When R.C. 2945.40(F) and 5122.15(A)(4) are read *in pari materia*, it is clearly evident that the legislature provided an individual who has been committed to a psychiatric institution with the right to an independent psychiatric examination. See *State v. Thomas* (Aug. 20, 1985), Lawrence App. No. 1742, unreported, 1985 WL 8308. The legislature, through the enactment of R.C. 2945.40(F) and 5122.15(A)(4), has attempted to foster basic procedural and substantive constitutional guarantees on behalf of a committed individual. Thus, the trial court did err by denying the appellant's motion for an independent psychiatric examination.

Therefore, the judgment of the trial court is reversed and the matter is remanded for a new hearing which shall encompass an independent psychiatric examination of the appellant.

*Judgment reversed*
*and cause remanded.*

MATIA, P.J., NAHRA and HARPER, JJ., concur.